■ Anne Remmely et al., Respondents, v Town of Ironde-quoit et al., Respondents; Albert L. Manley et al., as Trustees of Irondequoit Plaza Trust, Appellants, et al., Defendants. —Order unanimously affirmed, with costs. Memorandum: In this personal injury action arising from a vehicular collision in the Irondequoit Plaza, Special Term properly granted the motion of defendant Town of Irondequoit for summary judgment dismissing the second affirmative defense asserted in the amended answer and cross claim of defendant plaza owners. The affirmative defense alleged that the town had, by local ordinance, assumed responsibility for prescribing traffic signals and signs at the plaza.

In accordance with the written request of the plaza owners, the Town Board of the Town of Irondequoit, pursuant to the authority granted under Vehicle and Traffic Law §§ 1603 and 1660-a (Volker Act), adopted an ordinance which gave the town police authority to regulate and control traffic at the plaza. It is clear from the record, however, that the plaza owners' request was limited to the creation and enforcement of a no-parking zone along the store fronts. In their written request, the plaza owners specified that "The above owners do not consent to or request any other control or regulation by the Town of Irondequoit at this time." The ordinance is thus limited to comply with that request and should not be read to empower the town to regulate other aspects of traffic responsibilities listed in the Volker Act. (Appeal from order of Su-

preme Court, Monroe County, Boehm, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.